WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

THOMAS PIERCE,                    )
                                  )
              Plaintiff,          )     No. CIV-95-2820-PHX RCB
                                  )
     vs.                          )        O R D E R
                                  )
TERRY STEWART, et. al.,           )
                                  )
              Defendants.         )
_____ )

     On December 15, 1995, Plaintiff filed an action in this Court
claiming that Defendants violated his civil rights accorded to him
under 42 U.S.C. § 1983 (doc. # 1).  That action was resolved by
jury verdict in favor of Defendants on April 22, 2002 (doc. #
284).[1]  Thereafter, the case was terminated with a judgment entered

_____

     [1]Plaintiff claimed that Defendants (1) denied him access to the
courts by confiscating eighteen envelopes of legal materials, and (2)
retaliated against him for filing numerous lawsuits and grievances
and providing legal assistance to other inmates.  The first claim
regarding legal access was resolved in favor of Defendants on oral
motion for judgment as a matter of law made at sidebar on the final
day of trial (doc. # 278).  The jury deliberated and found for
Defendants as to the second claim regarding retaliation (doc. # 284).

for Defendants from which Plaintiff did not appeal (doc. ## 290-291).  Now, more than three years later, Plaintiff has filed a Motion for Order to Show Cause (doc. # 295), a Motion to Compel captioned as an "Open Letter to the Court" (doc. # 296), and a Motion for Temporary Restraining Order (doc. # 297).

Because Plaintiff submitted his motions after entry of judgment, the Court must treat them either as motions to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure or as motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001).

Due to the passage of more than three years since judgment was entered, Plaintiff's motions could not possibly be considered under Rule 59(e), which has a ten-day limit.

His motion is also untimely under Rule 60(b).  Motions under Rule 60(b)(1), (2) and (3) must be made at the latest within one year after entry of judgment, which has already lapsed in this case.  Motions under Rule 60(b)(4), (5) and (6) must be made within a "reasonable time," which is determined based on the facts of each case.  See United States v. Holtzman, 762 F.2d 720, 725 (9th Cir. 1985).  In consideration of the interest in finality, the prejudice to Defendants of disturbing the judgment based on the jury's verdict, and the absence of exceptional circumstances, the Court finds that more than three years of delay is not, in this case, a reasonable time for purposes of Rule 60(b).

More importantly, Plaintiff's motions do not raise any grounds that would warrant relief from judgment under either rule.  Instead, his allegations pertain solely to new factual developments arising long after the events in suit.  In particular, Plaintiff alleges, <u>inter alia</u>, that on or after June 3, 2005, when he was transferred from the Eyman Complex to the Florence Complex, officials of the Arizona Department of Corrections at the latter location have (1) retaliated against him for his history of filing grievances and lawsuits, and assisting other inmates with the same, and (2) denied him access to the courts by limiting his access to the law library and confiscating legal files.  Mot. to Compel (doc. # 296) at 2-14.  Although bearing a faint resemblance to the factual predicate of the claims already litigated and resolved in this case, these allegations only describe new events involving new parties.  Moreover, they fail to establish any basis for granting relief from judgment under Rules 59(e) or 60(b).  Accordingly, the motions will be denied.

Plaintiff apparently did not realize that new factual allegations are properly brought in a separate lawsuit and not in a lawsuit that has been resolved years ago.  Should Plaintiff decide to file a new lawsuit, he must use the court-approved form that is required by Local Rule of Civil Procedure 3.4(a).  To assist him, the Court will direct the Clerk of Court to send him a form for filing a civil rights

1 | action pursuant to 42 U.S.C. § 1983.[2]  Therefore,

2 |     IT IS ORDERED that Plaintiff's Motion to Show Cause,

3 | Motion to Compel, and Motion for Temporary Restraining Order

4 | (doc. ## 295, 296, 297) are DENIED.

5 |     IT IS FURTHER ORDERED directing the Clerk of Court to

6 | provide Plaintiff a current court-approved form for filing a

7 | civil rights complaint by a prisoner.

8 |     DATED this 29th day of September, 2005.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record

_____

[2] It should be noted that, in circumstances set forth in 28 U.S.C. § 1915(g), a court may not authorize a prisoner to proceed in forma pauperis with the commencement of a new civil action.  Section 1915(g) provides as follows:

> In no even shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [section 1915 to proceed in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Therefore, where 28 U.S.C. § 1915(g) applies to preclude proceeding in forma pauperis, the prisoner who wishes to proceed with a new civil action is responsible for payment of the full filing fee in order to continue with such action.